United States District Court Western District of Arkansas.

Justin Aric Marsh, Plaintiff,

v.

Christopher Wray, Director of the Federal Bureau of Investigation on behalf of the United States of America, Defendant.

No..
April 24th, 2023.

**Complaint for Declaratory Judgment and Injunctive Relief**

W. Whitfield Hyman, Esq., King Law Group, PLLC, 300 N. 6th Street, Fort Smith, AR 72901, Arkansas Bar No. 2013237, 479-782-1125, 479-316-2252 (fax), Hyman@ArkansasLawKing.com.

**Complaint -- Civil Rights**

NOW COMES Plaintiff Justin Marsh, by and through his attorney, W. Whitfield Hyman and King Law Group, PLLC, and complain of Defendants as follows:

## *INTRODUCTION*

1. This is an action to uphold the Constitutional right to keep and bear arms, which "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 2797, 2821 (2008).

2. In contravention to Plaintiff's fundamental Second Amendment right to keep and bear arms in his private capacity, Defendant has collectively and separately prohibited a certain class of individuals from obtaining, possessing and utilizing firearms in their private capacity.

3. Specifically, individuals who have plead guilty to a felony but were not found guilty or convicted by availing themselves to the Arkansas First Offender Act of 1975, aka Act 346, used the wrong court form to seal their criminal history, that form inadvertently misstated that they had been convicted, but later had the judge sign the correct form that found the individuals had not been previously convicted, then had their charges dismissed following successful completion of probation.

4. This ban on individuals acquiring, possessing, and utilizing firearms in their private capacity based solely on the fact of a single, isolated past criminal court proceeding is a violation of the governing statutes and the Second Amendment and an erroneous denial of their right to bear arms as no federal statute prohibits these individuals from possessing

firearms.

5. As a consequence of this overbroad ban, sane, trustworthy, competent individuals that are not a threat to themselves or others are prohibited from purchasing and possessing firearms.

## PARTIES

6. Plaintiff Justin Marsh is a resident of Benton County, Arkansas.

7. Defendant Christopher Wray is sued in his capacity as Director of the Federal Bureau of Investigation (hereinafter "FBI"). FBI is the agency primarily responsible through its National Instant Check System (hereinafter "NICS") Section for performing background checks for federal, state, and local law enforcement authorities and maintaining the NICS database reflecting that Plaintiff is prohibited from acquiring, possessing and utilizing a firearm by the unconstitutionally broad ban complained of in this action. As Director of the FBI, he is responsible for the executing and administering laws, customs, practices, and policies complained of in this action.

## JURISDICTION AND VENUE

8. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

9. This action seeks relief pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202, and 2412, and 5 U.S.C. § 702. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

10. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF FACTS

12. Plaintiff Marsh is:

a. over the age of 21;

b. is not under indictment;

c. has never been convicted of a felony or misdemeanor crime of domestic violence;

d. has never been convicted of a crime punishable by more than one year;

e. is not a fugitive from justice;

f. is not an unlawful user of or addicted to any controlled substance;

g. has not been adjudicated a mental defective;

h. has not been discharged from the Armed Forces under dishonorable conditions;

i. has never renounced his citizenship;

j. is not the subject of a restraining order relating to an intimate partner;

k. has never been admitted to a mental institution or for treated for mental illness in any way, either willingly or against his will.

13. In 2007, Justin Marsh plead guilty but was not found guilty of a misdemeanor violation of the Arkansas Hot Check Law and placed on 12 months probation, plead "no contest" to but was not found guilty of Failing to Appear for Court, a Class C felony, and placed on 48 months of probation.

14. Justin Marsh was never convicted of those crimes, completed community service and paid off his fines, and completed all other terms of probation.

15. In 2011 Mr. Marsh used the wrong form to try to seal his conviction, and on the form it was erroneously marked that he was "found guilty" of the felony Failure to Appear. See Plaintiff Exhibit A, fully incorporated as if stated herein.

16. Mistakes like these were so common that the Arkansas legislature passed the Uniform Petition to Seal acts of 2013 in order to try to prevent them from happening again.

17. On March 2nd, 2021, a Benton County Circuit Court judge signed an order dismissing and sealing Marsh's felony. "Prior to the date listed in Paragraph 2 above, the Defendant had not been convicted of a felony. 6. With the Defendant's consent and without entering a judgment of guilt, the Court deferred further proceedings and placed the Defendant on probation for a period of 4 year(s)...Prior to the entry of this Order to Dismiss and Seal, this Court has made, or caused to be made, a query of the Arkansas Crime Information Center to determine if the Defendant had been previously convicted of a felony..." See Plaintiff's Exhibit B fully incorporated as if stated herein.

18. "A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the

person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921.

19. "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921.

20. Arkansas does not consider cases that have been dismissed under Act 346 to be felony convictions.

21. Mr. Marsh lost his right to a firearm during the four years of his Act 346 probation and only regained those rights upon dismissal of the felony. See *Summerford v. State*, 2014 Ark. App. 209 (Ark. App. 2014)

22. "Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq. (c) During the period of probation described in subdivision (a)(1)(A)(i) of this section, a defendant is considered as not having a felony conviction except for: (1) Application of any law prohibiting possession of a firearm by certain persons…" Ark. Op. Atty. Gen. No. 2008-013 (Mar. 21, 2008)

23. "(b)(1) Except as provided in subdivisions (b)(2) and (3) of this section, a determination by a jury or a court that a person committed a felony constitutes a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation. (2) Subdivision (b)(1) of **this section does not apply to a person whose case was dismissed and expunged under § 16-93-301 et seq. or § 16-98-303(g)**. Ark. Code Ann. § 5-73-103. Emphasis added.

24. The Plaintiff does not qualify for a Governor's Pardon, because the Governor may not pardon felonies that have been dismissed.

25. Therefore, Plaintiff does not have any other remedy to restore his firearm rights.

26. Plaintiff is a responsible, law-abiding American citizen, who has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen.

27. Plaintiff desires and intends, in his private capacity, to purchase, possess and utilize firearms for self-defense and for defense of his family.

28. Plaintiff has attempted to purchase a firearm but was denied under NCIS and he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922, instigated and directed by Defendant.

29. Plaintiff appealed his NCIS denial and provided Exhibit B as evidence, but the denial was upheld. See Plaintiff Exhibit C.

### COUNT I: Remedy for Erroneous Denial of Firearm

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. Defendant contends that 18 U.S.C. § 922 prohibits any individual who has ever successfully utilized the First Offender Act in Arkansas from purchasing, possessing and utilizing a firearm.

32. Defendant is wrong.

33. 18 U.S.C.A. § 925A. Provides a remedy for erroneous denial of firearm purchases.

34. "Any person denied a firearm pursuant to subsection (s) or (t) of section 922-- (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922, may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."

35. Justin Marsh is not legally prohibited from purchasing a firearm and therefore seeks attorney fees, costs, injunctive relief from the Defendant, and an order directing that the erroneous information be corrected and that the transfer be approved.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, as follows:
a) Declare that the Defendant is not a prohibited person under 18 U.S.C 922.

b) Declare that all people who have successfully availed themselves to the same First Offender Act in the same way as the Defendant are not prohibited persons under 18 U.S.C 922.

c) Permanently enjoin the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff 18 U.S.C. § 922 and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiff's exercise of his right to keep and bear arms merely because of the facts arising from Plaintiff's prior criminal proceedings.

d) Award Plaintiffs' costs and attorney's fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925a.

e) Any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

*[signature]*

W. Whitfield Hyman

Arkansas Bar Number 2013237

King Law Group, PLLC

300 N 6th Street
Fort Smith, Arkansas 72901

479-782-1125 (office)
479-316-0345 (cell)
479-316-2252 (fax)
Hyman@ArkansasLawKing.com

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CRIMINAL DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

vs.                    Case No. 2007-620-2

JUSTIN ARIC MARSH                                    DEFENDANT
(First, Middle, and Last name)

## ORDER TO DISMISS AND SEAL FIRST OFFENDERS UNDER ACT 346 of 1975 ACA §16-93-301 through 303 and ACT 1460 OF 2013 A.C.A.16-90-1401, Et. Seq.

Before the Court is the Petition of the Defendant to seal his/her record pursuant to Act 346 of 1975 and Act 1460 of 2013. The Court finds and orders as follows:

1. The defendant was arrested on the 11TH day of APRIL, 2005, and charged with the offense(s) of FAILURE TO APPEAR

   A Class C ✓ felony ☐ misdemeanor in violation of A.C.A.§ 05-54-120.

2. The defendant entered a plea of guilty or nolo contendere to the offense(s) of: FAILURE TO APPEAR, in violation of A.C.A. § 05-54-120, on the 16TH day of AUGUST, 2007.

3. The offense was not a sexual offense as defined by ACA §5-14-101 et seq. nor was it a serious felony involving violence nor a felony involving violence as provided in ACA §5-4-501.

4. The offense or plea date was after March 10, 1975.

ACIC Form
Revised 01/01/2014



PLAINTIFF'S EXHIBIT A

5. Prior to the date listed in Paragraph 2 above, the defendant had not been convicted of a felony.

6. With the Defendant's consent and without entering a judgment of guilt, the Court deferred further proceedings and placed the Defendant on probation for a period of 4 year(s) but not less than one (1) year.

7. a. The Defendant was sentenced prior to July 31, 2007, to probation only. A fine or term of imprisonment was not imposed; or
   b. The defendant was sentenced after July 31, 2007, to probation and a fine of $420 FINES ($1000 RESTITUTION), but not more than $3,500.00.

8. A term of imprisonment was not imposed on the Defendant.

9. The Defendant was sentenced under the provisions of Act 346 of 1975, A.C.A. § 16-93-301 through 303, which provides for the deferring of proceedings pending the Defendant's conduct under the conditions of probation.

10. Prior to the entry of this Order to Dismiss and Seal, this Court has made, or caused to be made, a query of the Arkansas Crime Information Center to determine if the Defendant had been previously convicted of a felony or previously been granted probation under Act 346 of 1975. The Defendant has not been granted relief nor been sentenced under Act 346 of 1975 before.

11. The Defendant has satisfactorily fulfilled the terms and conditions of probation or has been released by the court prior to that time.

12. The defendant [✓] HAS or [ ] HAS NOT been rehabilitated.

13. [✓] Defendant has no pending felony charges in any state or federal court; or
    [ ] Defendant has one or more pending felony charges in state or federal court and the status of that/those charges is/are as follows: _____

14. The Defendant has paid all filing fees required to be paid with the filing of this Petition mandated by A.C.A §16-90-1419.

ACIC Form
Revised 01/01/2014

IT IS, THEREFORE, by the Court, ORDERED that the Petition of the Defendant, JUSTIN ARIC MARSH _____, to Dismiss and Seal the above referenced conviction(s) pursuant to A.C.A. §16-93-301, et seq and ACT 1460 OF 2013 A.C.A. §16-90-1401, et. seq. should be, and hereby is GRANTED.

IT IS FURTHER ORDERED that the Clerk is directed to mail or transmit a certified copy of the ORDER to the Arkansas Crime Information, the Administrative Office of the Courts, the prosecuting and/or city attorney, the District Court Clerk, if applicable, and the arresting agency. Each of those agencies shall comply with the requirements of A.C.A. §16-90-1413 as it pertains to them.

_____
Judge

Date 3.2.2021

I, Brenda DeShields, certify this instrument is a true Copy of the Order to Dismiss And Seal First Offenders under Act 346 on file in this office, dated 3-2-2021
Book ___ at page ___
Brenda DeShields, Clerk

**THE FOLLOWING INFORMATION IS REQUIRED FOR PROPER IDENTIFICATION OF THE DEFENDANT IN THE STATE AND NATIONAL RECORD SYSTEMS**

Race _____        Arrest Tracking Number _____
Sex  M                  SID No. _____
DOB 02/16/1982          FBI No. (if known) _____

ACIC Form
Revised 01/01/2014

Pursuant to A.C.A. § 16-90-905, this Order to Seal form has been adopted and provided by ACIC. Arkansas law mandates the use of this form by all petitioners and by all Circuit and District Courts in the state of Arkansas.

In the Circuit Court of Benton County, Arkansas

Second Division

State of Arkansas

vs.

Case No. CR-2007-620-2

Justin Aric Marsh
(first, middle and last name)

I, Brenda DeShields, certify this instrument is a true copy of the Order to Seal on file in this office, dated 9-19-11

Book _____ at page _____

Brenda DeShields

Brenda DeShields, Clerk

By _____ d.c.

**Order to Seal**

Now on this 16th day of Sept, 2011, the Court having examined the petition to seal and other matters presented, finds that the defendant was arrested on the 28th day of Feb, 2005, and charged with the offense(s) of Viol. Hot Check & Failure to Appear, A.C.A. § 5-37-302 & 5-54-120 and that the defendant was found:

(Please complete the appropriate section: A and/or B)

**Section A**

☒ Guilty of Viol. Hot Check & FTA, A.C.A. § 5-37-302 & 5-54-120, and was sentenced to 48 months probation, fine, cost, work prg. on the 16 day of Aug, 2007

The Court further finds that the defendant was sentenced under the provisions of A.C.A. § 16-93-301, which provides for the sealing of a defendant's record.

The Court now finds that the defendant has satisfactorily complied with the orders of this Court, that the defendant has been rehabilitate and the petition to seal the record of the offense(s) should be granted.

**Section B**

Date of Final Disposition 8/16/07

Offense(s) _____

☐ Dismissed
☐ Acquitted at Trial
☐ Case Not Filed
☐ Nolle Prossed
☐ Transferred to Juvenile Court   (if marked, please provide original circuit court disposition, if applicable)
☐ Governor's Pardon / Other   Reason _____

The Court now finds that under authority of A.C.A. § 16-90-905, which provides for the sealing of a defendant's records, the petition to seal the record of the offense(s) should be granted.

It is therefore considered, ordered and adjudged that the following offense(s) in this case be sealed to all except those authorized by law to have access: Viol. Hot Check A.C.A. § 5-37-302 & Failure to Appear A.C.A. § 5-54-120

The Court Clerk is directed to mail a copy of this order to the Arkansas Crime Information Center, to the Administrative Office of the Courts, to the arresting agency, and to the prosecuting attorney, who shall seal all records maintained by them relating to the offense(s).

The following information is required for proper identification of the defendant in the state and national record systems:

Race White     Arrest Tracking No. 907291
Sex Male       SID No. _____ (if Known)
DOB 2-16-82    FBI No. _____ (if Known)

_____
Signature of Judge

_____
Type and print name of Judge

Elizabeth A. Gentleman DPA
Attorney for State

ACIC Order-Seal.Doc 02/27/09

[Print Form]

FILED 2011 SEP 19 AM 8:22

**PLAINTIFF'S EXHIBIT B**



U.S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306
January 19, 2023

Justin Aric Marsh
300 North Sixth Street
Fort Smith, AR 72901

RE: Firearm-Related Challenge
NTN: 102HHHMF7

Dear Mr. Marsh:

    The fingerprints you submitted are identical with those in a record used to deny your attempt to possess or receive a firearm. The denying record is on the enclosed copy of your FBI Identity History Summary (IdHS) and/or state-maintained criminal history. Your transaction indicates you have been matched with the following federal prohibitive information under Title 18, United States Code (U.S.C.), sections 921(a)(20) and 922(g)(1): "A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years." Please note that it does not matter whether the sentence of more than one or two years was actually ordered or served; the prohibitor is based upon the maximum sentence that could have been imposed upon the individual by the court. In addition, some convictions which may have been "sealed" or "expunged" for certain purposes still qualify as 18 U.S.C. §922(g)(1) prohibitors.

    The material you submitted does not nullify your transaction's prohibition because an individual who has been convicted of a Brady disqualifying offense, which was adjudicated under either ACT 378 of 1975 or ACT 346 of 1975 or Act 1491 of 2009, may still be viewed as a conviction for federal purposes and the subject may be prohibited from purchasing or possessing a firearm (this includes convictions which are discharged, dismissed and sealed, or expunged), unless a Governor's Pardon has been issued that restores the right to possess a firearm. Your conviction on August 16, 2007, for the offense of failure to appear falls under these provisions and renders you ineligible to purchase or possess firearms at this time. Additionally, an "Order to Seal," is insufficient to restore an individual's eligibility to possess or receive firearms in the state of Arkansas. Under Arkansas Code Annotated §16-90-1404(4)(A) and (B), "Seal" means to expunge, remove, sequester, and treat as confidential the record or records in question according to the procedures established by this subchapter. "Seal" does not include the physical destruction of a record of a conviction. A sealed record is treated as confidential; however, the



Justin Aric Marsh

record is available for use by law enforcement agencies and criminal justice agencies. Per the Bureau of Alcohol, Tobacco, Firearms, and Explosives, if the individual is later granted a valid sealing of record, the individual must have a governor's pardon restoring firearm rights to receive or possess a firearm. The FBI's Criminal Justice Information Services (CJIS) Division has verified the accuracy of the prohibiting record.

For further clarification, it is suggested you contact the following agencies:

> Office of the Governor
> State Capitol Room 250
> 500 Woodlane Street
> Little Rock, AR  72201

> Office of the Attorney General
> Suite 200
> 323 Center Street
> Little Rock, AR  72201

The FBI was unable to nullify the original prohibitor. The FBI is not permitted to give legal advice regarding ways to get your firearm rights back, but you may confer with an attorney of your own choosing to determine what remedies may potentially be available to you.

> Information Services Branch
> Criminal Justice Information
> Services Division

Enclosure