United States District Court Western District of Arkansas.

Justin Aric Marsh, Plaintiff,

v.

Christopher Wray, Director of the Federal Bureau of Investigation on behalf of the United States of America, Defendant.

No.. 5:23-cv-05064-TLB-CDC

**<u>Plaintiff's Motion for Summary Judgment</u>**

Comes Now, Plaintiff Justin Marsh, in support of his motion for summary judgment doth state:

1. Plaintiff Marsh restates the Joint Stipulations of Fact outlined in as if fully enumerated herein and files herewith a brief in support.
2. There are two points of dispute in this case, if either one of them are found to be in the Plaintiff's favor, the Plaintiff prevails.
3. The first is the Plaintiff's contention that he was never convicted of a felony because he plead guilty but the charge was dismissed under a specific prior adjudication agreement allowed by statute at the time.
4. The second issue is that even if the Plaintiff is considered convicted under federal law, the prohibition on possessing firearms as imposed on a person

who 1) missed court on a hot check misdemeanor, 2) had that felony conviction sealed and dismissed, and 3) the alleged offense occurred 19 years ago, the prohibition is a violation of the Second Amendment.

5. Federal law provides that if a person is erroneously denied the right to purchase a firearm due to a NICS background check, that he may sue the FBI and recover attorney's fees and costs. See 18 U.S.C.A. § 925.

6. "A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921.

7. "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921.

8. Arkansas law does not consider a person who has had his criminal case dismissed under Act 346 to be prohibited person, and did not consider it such at the time of the plea at issue in this case:

9. "Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq. (c) During the period of probation described in subdivision (a)(1)(A)(i) of this section, a defendant is considered as not having a felony conviction except for: (1) Application of any law prohibiting possession of a firearm by certain persons…" Ark. Op. Atty. Gen. No. 2008-013 (Mar. 21, 2008).

10. "(b)(1) Except as provided in subdivisions (b)(2) and (3) of this section, a determination by a jury or a court that a person committed a felony constitutes a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation. (2) Subdivision (b)(1) of **this section does not apply to a person whose case was dismissed and expunged under § 16-93-301 et seq. or § 16-98-303(g)**. Ark. Code Ann. § 5-73-103. Emphasis added.

11. Mr. Marsh's felony was dismissed and expunged under those statutes referenced in the current prohibited person statute. See Joint Stipulations of Fact.

12. Mr. Marsh lost his right to a firearm during the four years of his Act 346 probation and only regained those rights upon dismissal of the felony. See *Summerford v. State*, 2014 Ark. App. 209 (Ark. App. 2014).

13. Plaintiff Marsh cannot avail himself to a pardon because a governor's pardon can only take place after conviction. See *State v. Carson*, 27 Ark 469, 471 (1972).

14. If this is found to be a conviction, it is a violation of the Second Amendment to the Constitution.

15. An 8th circuit panel just affirmed a felon in possession conviction of a drug convict, and he was denied a rehearing en banc, however four judges in the 8th circuit on August 30th, 2023 disagreed eloquently: "Even violent felons, as a class, were not disarmed until the early 20th century, nearly 150 years later. See Federal Firearms Act, ch. 850, §§ 1(6), 2(e), 2(f), 52 Stat. 1250, 1250–51 (1938). And it was only in 1961, just 62 years ago, that the federal government finally abandoned dangerousness as the litmus test for disarmament in enacting § 922(g)(1)'s predecessor. See An Act to Strengthen the Federal Firearms Act, Pub. L. No. 87-342, 75 Stat. 757 (1961); see also

Range, 69 F.4th at 104. There is nothing about felon-dispossession laws that is longstanding, unless six decades is long enough to establish a "historical tradition" of the type contemplated by Bruen. Spoiler alert: it is not. See Bruen, 142 S. Ct. at 2156 (holding unconstitutional a century-old licensing regime)." See Dissent in *U.S. v. Jackson*, 85 F.4th 468 (8th Cir. 2023).

16. Although that case upheld the prohibition of feloniously convicted drug users, applying that same holding to someone who failed to appear for court on a hot check misdemeanor is a bridge too far.

17. Plaintiff's counsel has sealed over a hundred Act 346 charges. The only time these charges are considered convictions by the Defendant are when the original judge or attorney made a mistake and the wrong order is signed prior to the creation of the uniform orders in 2013. The original defective orders erroneously have a box checked that the defendants are guilty. See Plaintiff's Exhibit B to the Complaint.

18. However, after the filing of this lawsuit, the Defendant has concocted a new reason as to why the Plaintiff is not allowed to purchase a firearm, and that is that he is actually still a convicted felon, in contravention of every CLE and Attorney General's opinion that has covered the subject.

19. For these reasons and more, the Plaintiff should prevail in this motion for summary judgment.

Respectfully submitted,

Plaintiff's Counsel

W. Whitfield Hyman
Arkansas Bar Number 2013237
King Law Group, PLLC
300 N 6th Street
Fort Smith, Arkansas 72901
479-782-1125 (office)
479-316-0345 (cell)
479-316-2252 (fax)
Hyman@ArkansasLawKing.com