United States District Court Western District of Arkansas.

Justin Aric Marsh, Plaintiff,

v.

Christopher Wray, Director of the Federal Bureau of Investigation on behalf of

the United States of America, Defendant.

No.. 5:23-cv-05064-TLB-CDC

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Since time immemorial (or at least since Act 346 of 1975) Defendant's in Arkansas have been able to utilize the first offender act to enter a plea of guilty, not be found guilty, complete a probationary period, and subsequently apply for and shall be granted, a dismissal of their charges that restores their legal right to own a firearm.

This is so well settled that there is essentially no case law on the subject. To the point where, Plaintiff's counsel is simply shocked that there is resistance to this notion at all, that a lawsuit had to be filed, and that a motion for summary judgment must also be filed. The many changes that Arkansas expungement and first offender type statutes and schemes that have come and gone since 1975 are plentiful. Therefore, the confusion of the Defendant is understandable.

Based on communications with opposing counsel, they seem to fundamentally misunderstand the state of the law. The FBI and opposing counsel seem to think that an uncodified amendment to the felon in possession statute

somehow secretly controls and that they are the only ones that know about this act. (An illuminati act, if you will).

In 2005, when the offense occurred, the attorney general's office spoke generally on the issue:

"…some criminal adjudications are never considered convictions at all, and as a consequence, do not amount to "convict[ions]" under A.C.A. § 5-73-309(a)(D)(i) that might necessitate pardoning or restoration of rights in order to restore eligibility to possess a firearm.[2] Adjudications under Act 346 of 1975 (commonly called the "First Offender Act"), fall into this category. That law authorizes a judge, after the entry of a guilty plea or plea of *nolo contendere* and without an adjudication of guilt, to defer further proceedings and place the defendant on probation. A.C.A. § 16-93-303(a)(1)(A) (Supp. 2005). Upon successful completion of the probation or upon earlier release by the court, the defendant "shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq."[3] A.C.A. § 16-93-303(b).

Ark. Op. Atty. Gen. No. 2005-230 (Dec. 27, 2005)

More to the point, the AG went on to discuss this "illuminati act" that Defense counsel relies upon.

 "The questions addressed in Opinion 2001-260 revolved around the effect of an "expungement" of a previous criminal disposition under Act 346 of 1975 on an applicant's eligibility to possess a firearm and thus to obtain a concealed-carry license. The questions specifically asked about the impact of Act 595 of 1995. **That act, which is still uncodified**,[4] amends A.C.A. § 5-73-103 (the "felon-in-possession" statute), and provides that persons with prior criminal adjudications that have been expunged are nonetheless convicted for purposes of possessing firearms. Persons with such convictions can therefore still be prosecuted under A.C.A. § 5-73-103 for possession of firearms. Act 595 became effective on March 13, 1995, the date you reference in your request for an opinion."

Ark. Op. Atty. Gen. No. 2005-230 (Dec. 27, 2005) (Emphasis Added).

Defense Counsel and Plaintiff's counsel are simply talking about two entirely different things. The AG's office acknowledges that people in Marsh's position may restore their firearm rights through utilizing Act 346, if they were sentenced under it. Then, in the same opinion, talk about how a simple expungement will no longer restore your firearm rights based on a change in the felon in possession statute. Both statements are true, both statements are independent of one another.

The FBI is not incompetent to have originally taken this position, as it is understandable given that the Arkansas legislature has taken upon itself to schizophrenically statutorily rename and redefine and change legal concepts such as "seal," "expunge" a couple dozen of times between 1975 and 2023. The FBI would be incompetent, however, to retain this position after having read the attached attorney general opinion and applying it to this case would be ill advised.

The current felon in possession statute specifically states that if a person had their record dismissed and expunged under 16-93-301 and sequential, they cannot be convicted of felon in possession of a firearm:
(b)(1) Except as provided in subdivisions (b)(2) and (3) of this section, a determination by a jury or a court that a person committed a felony constitutes a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation.
(2) Subdivision (b)(1) of this section does not apply to a person whose case was dismissed and expunged under § 16-93-301 et seq. or § 16-98-303(g).
See A.C.A. § 5-73-103.

The order in Marsh's case literally says "Order to dismiss and seal first offenders under...A.C.A. 16-93-301... AND SEQUENTIAL" See Joint Stipulations of Fact, Doc.

The Defense has tried to ward us off by waving a hand and saying "go apply for a governor's pardon." Federal law only recognizes an expungement or pardon as restoring firearm rights IF the state conviction took away your firearm rights. https://regulations.atf.gov/478-11/2023-01001#478-11-p2270544587-a based on 18 U.S.C. 921(a):

"A person shall not be considered to have been convicted of such an offense for purposes of this part if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the jurisdiction in which the proceedings were held provides for the loss of civil rights upon conviction for such an offense) unless the pardon, expunction, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms, and the person is not otherwise prohibited by the law of the jurisdiction in which the proceedings were held from receiving or possessing any firearms."

Therefore, because Marsh cannot currently be convicted of felon in possession of a firearm under Arkansas law, and the Governor has no right left to restore. If Defendant's interpretation of the prior act is correct and it would have applied at some point, it no longer does. Federal law only allows a restoration of gun rights IF the state's pardon restores those rights that were taken away. A pardon would be superfluous at this point, as it restores no rights at the state level.

Plaintiff's counsel KNOWS what is happening at the FBI. They are reading Marsh's expungement and treating it like every other expungement after March 1995 in Arkansas: As not restoring firearm rights. That is true, and well known. However, dismissals under Act 346 are not the types of expungements that the legislature was referring to in their uncodified act. That is clear based on the

current statute. That is clear based on the attached AG opinion, and that is clear based on what the word "dismissal" means. The judge in Marsh's case in 2011 signed the wrong order. This wrong order was sent to ACIC. ACIC got the order, checked the boxes in the ACIC system, and NCIC received notification and information of that flag. In 2021, the judge realized their mistake, used the right form, and stated that Marsh was never found guilty. However, a bureaucrat has seen this box checked and this felony flag created and it has created this situation. The FBI will not change their mind without a court order potentially. Or maybe after reading this AG opinion.  Plaintiff's Counsel KNOWS this because he has personally successfully sealed many Act 346 cases dating from 1995 to current, and the NCIC database does not flag them as felons because Plaintiff's Counsel uses the right form. Plaintiff's counsel knows dozens of his clients go out and purchase firearms with no trouble, even though they are under the same set of facts as Marsh. The only difference is that Marsh had a judge check the wrong box on the wrong form and it was sent into ACIC/NCIC. This has happened to many others, Marsh is not alone, they call and complain to Plaintiff's Counsel daily, and Plaintiff's Counsel's advice is the same: Pay me to sue the FBI or just keep carrying a gun, it doesn't matter, you will win your criminal case but could get arrested and spend a year in jail while awaiting trial for federal court."

        Therefore, Plaintiff's Counsel seeks relief for Mr. Marsh and those similarly situated.

Submitted by:

/s/W. Whitfield Hyman
W. Whitfield Hyman
Attorney for Plaintiff
Arkansas Bar Number 2013237

King Law Group, PLLC

300 N 6th Street
Fort Smith, Arkansas 72901
479-782-1125 (office)
479-316-0345 (cell)
479-316-2252 (fax)
Hyman@ArkansasLawKing.com