IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN ARIC MARSH                                                                                    PLAINTIFF

v.                                  Civil No. 5:23-cv-05064-TLB-CDC

FEDERAL BUREAU OF INVESTIGATION
Through Director Christopher Wray in his
Official Capacity                                                                                    DEFENDANT

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Justin Aric Marsh (Marsh) brings a suit against Christopher Wray, Director of the Federal Bureau of Investigation (FBI), pursuant to 18 U.S.C.§ 925A, alleging he was improperly denied his Second Amendment right to purchase a firearm. (ECF No. 3). In addition to the recovery of attorneys' fees and costs, declaratory relief and a permanent injunction against the FBI, Marsh seeks "an order directing that the erroneous information be corrected and that the transfer be approved" as none of his other characteristics preclude gun ownership. (ECF No. 3, ¶ 35). The FBI answered, denying Marsh's claims. The matter was thereafter referred to the undersigned pursuant to 28 U.S.C. § 636 for all pre-trial matters, including consideration of the pending motions for summary judgment filed by the parties. (ECF Nos. 24, 30).

The background alleged by Marsh in his pleadings – which is assumed true for this analysis – is that on August 16, 2007, Marsh pled guilty to misdemeanor hot check charges and at the same time, entered a nolo contender or no contest plea to a Class C felony failure to appear in Benton County Circuit Court. Thereafter, in 2011, Marsh says a Benton County Judge used the incorrect form to seal his 2007 conviction and erroneously marked on the form that Marsh had been found "guilty" (i.e., a conviction) of the felony failure to appear. (ECF No. 3, Exhibit

1

B). After that, and on March 2, 2021, Benton County Circuit Judge Tom Smith entered an Order to dismiss and seal the 2007 felony failure to appear conviction; the Order was entered pursuant to Ark. Code Ann. § 16-93-301, *et seq.,* and § 16-90-1401, *et seq.* (ECF No. 3, Exhibit A). Marsh then tried to purchase a firearm on an unknown date; this approval was denied; and Marsh filed an appeal with the FBI. On January 19, 2023, the FBI denied his appeal, concluding the "sealing" of his felony conviction under Arkansas law was insufficient to restore his right to purchase firearms under the Brady Handgun Violence Prevention Act of 1993 (Brady Act), and advised Marsh would need "a governor's pardon restoring firearm rights to receive or possess a firearm." (ECF No. 3, Exhibit C). In his pleadings, Marsh alleges he is ineligible to receive a Governor's pardon because Judge Smith dismissed and sealed the felony.

Accompanying the FBI's 2024 response to Marsh's motion for summary judgment – which also included the FBI's cross-motion for summary judgment – the FBI attached the Affidavit of Celeste M. Cochran. (ECF No. 31). Cochran is the custodian of records for the FBI's Criminal Justice Information Services Division's National Instant Criminal Background Check System, commonly known as NICS. (ECF No. 31, ¶ 1). Cochran reviewed all information "maintained by the NICS Section [of the FBI] regarding an individual named "Justin Aric Marsh." *Id.* After a thorough explanation of how the FBI implemented the NICS system following passage of the Brady Act, and how the FBI operates NICS in accordance with Brady, Cochran affirms that the FBI received a Voluntary Appeal File (VAF) application from Marsh in April 2024. (ECF No. 31, ¶ 11). Cochran explains that "VAF is an option for individuals to request the NICS retain their information [and] [i]f approved, the individual is issued a Unique Personnel Identification Number (UPIN). The individual can then use the UPIN for future NICS background checks and, provided no new background issues arise after the UPIN was issued, the

UPIN will help prevent future extended delays or erroneous denials in the attempts to possess or receive a firearm." Cochran affirms that on June 17, 2024, a letter was mailed to Marsh "informing him that his VAF application was approved" and providing Marsh a copy of his UPIN "which can be utilized for future attempted firearm purchases." (ECF NO. 31, ¶ 12). Cochrane's Affidavit states that "[s]ince issuance of the UPIN, there is no record of any attempted firearm purchases by Mr. Marsh." *Id.*

Concerned that issuance of the UPIN mooted Marsh's claims, the undersigned consulted with counsel of record and allowed additional time for Marsh to file a reply. On January 6, 2025, Marsh filed a short reply which was three-fold: (1) Marsh admitted the FBI "has provided the Plaintiff with a transaction number that, when given to an FFL [federal firearm licensee] will authorize the transfer [purchase of a firearm] but continued to complain that (2) "erroneous information that flags Marsh as a felon on [his] NICS return still undeniably exists" so he (3) continues to seek injunctive and declaratory relief from this Court so that Marsh "may lawfully purchase and possess a firearm." (ECF No. 33). In other words, Marsh acknowledges that the UPIN will permit his legal purchase of a firearm while also claiming issuance of the UPIN does not moot Marsh's claims for relief under 18 U.S.C § 925A. Marsh's reply supplies no legal analysis – other than to disagree, Marsh did not address the mootness doctrine or assert applicability of any exceptions to the mootness doctrine.

Article III mootness arises from the Constitution's case and controversy requirement: "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi,* 419 F.3d 722 (8th Cir. 2005), quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of

3

time or a change in circumstances ... and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack,* 395 U.S. 486, 496 n. 7 (1969).

In 2023, a very similar issue was addressed in *Roehning v United States,* 2023 WL 2666468 (D. Minn. March 28, 2023). Roehning had been unable to purchase a firearm because a state agency had mistakenly reported he had been convicted of a felony rather than a misdemeanor; the mistake was investigated and corrected, Roehning was issued a UPIN, and using the UPIN, Roehning was able to purchase a firearm. Rejecting exceptions to the mootness doctrine, the district court pointed out that 18 U.S.C. § 925A authorizes only two forms of relief: (1) an order "directing that the erroneous information be corrected" and (2) an order "that the transfer be approved." The district court found the FBI had asked the state to correct its mistake in the database and "to ensure that Roehning will not have difficulty with future firearms purchases, the FBI provided Roehning with a UPIN and with letters affirming his eligibility to purchase a firearm." *Id.* at *3 (further citations to Cochran's Affidavit omitted). In dismissing the litigation as moot, the district court noted that "every federal judge who has presided over a § 925A action involving similar facts has likewise dismissed the action as moot." *Id.* at *4, citing *Melton v. United States*, No. 4:21-cv-00095-GHD-JMV, 2022 WL 2821540, at *2 (N.D. Miss. July 19, 2022) (finding that "because there is no longer any information in the NICS database that will prevent the Plaintiff from purchasing a firearm, and the Plaintiff has recently successfully completed the firearm purchase that was the subject of his amended complaint, the

4

Plaintiff has received the relief he sought in this litigation and no case or controversy presently exists," and collecting cases); *Bowen v. United States*, No. 6:19-cv-9, 2021 WL 5162584, at *4 (S.D. Ga. Nov. 5, 2021) (finding similar § 925A claim moot and collecting cases); *Halverson v. United States*, 19-cv-477-jdp, 2020 WL 3058152, at *3 (W.D. Wise. June 9, 2020) ("The government has approved the shotgun transfer and told Halverson that his past criminal record will not bar him from future firearm ownership, so there is no longer a case or controversy between the parties."); *McKay v. New York*, 16-CV-6834-FPG, 2018 WL 1046792, at *4 (W.D.N.Y. Feb. 26, 2018) (finding § 925A claim moot where "Plaintiff has already received the entirety of her requested relief—the State has corrected her classification and communicated that change to the federal government"); *Umbert v. United States,* No. 18-cv-1336 (TSC), 2019 WL 4305576, at *5 (D.D.C. Sept. 11, 2019) ("Because Chodosh, Bickel, and Stewart can purchase a firearm and can personally apply for a UPIN, there is no further relief that the court can grant them at this time."); *Perron v. Fed. Bureau of Investigation,* No. C17-215 RAJ, 2018 WL 835713, at *2 (W.D. Wash. Feb. 13, 2018) (finding § 925A claim moot where "Defendant represents that after reviewing the information in the NICS database, it has been determined that Plaintiff is able to purchase a firearm, and there is no information in the NICS databases that would prevent him from doing so").

Roehning then argued he was at least entitled to an award of attorneys' fees. Applying the governing precedent of *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Hum. Res.*, 532 U.S. 598 (2001), the Minnesota district court reiterated that achieving "the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" does not render a litigant a prevailing party for the award of attorneys' fees.

Here, the FBI has issued Marsh a UPIN, and Marsh admits the UPIN will authorize

5

future firearms purchase by Marsh. The relief that Court could provide under 18 U.S.C. § 925A has been provided. This undisputed fact moots Marsh's claim and deprives this Court of jurisdiction.

Although unnecessary for the recommendation below, the Court observes that both Marsh's Complaint and his Motion for Summary Judgment contend that Judge Smith's 2021 "sealing and dismissing" of Marsh's 2007 nolo contender felony plea should be declared as nullifying Marsh's "conviction" under Arkansas law and for purposes of analysis under Brady. In other words, Marsh is not simply asking this Court to correct *erroneous information* entered into the NICS database – rather, Marsh is asking this Court to declare that the FBI's Brady disqualifying offense determination is unconstitutional. The FBI strenuously and at-length argues that neither Arkansas law nor federal law support Marsh in this respect. While the Court finds the FBI's 2024 issuance of the UPIN to Marsh moots this litigation so it does not reach the constitutional issue, the undersigned is unconvinced that 18 U.S.C. § 925A could afford Marsh the declaratory (or injunctive) relief he seeks. Finally, the Court believes Marsh lacks standing to bring these declaratory of injunctive claims on behalf of others who may be similarly situated. *See Hughes v. City of Cedar Rapids,* 840 F.2d 987 (8th Cir. 2016).

For all these reasons, it is recommended that Marsh's challenge to the FBI's refusal to approve his purchase of a firearm be denied as **MOOT.** It is further recommended that Marsh is not entitled to an award of attorneys' fees. *See Buckhannon Bd. & Care Home, Inc., supra.*

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

6

**District Court.**

  **RECOMMENDED** this 10th day of January 2025.

             *Christy Comstock*
             _____
             CHRISTY COMSTOCK
             UNITED STATES MAGISTRATE JUDGE