US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JAN 24 2025

Ronald E. Dowling
By_____
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JUSTIN ARIC MARSH**                                                                 **PLAINTIFF**

V.                                          **CASE NO. 5:23-CV-5064**

**FEDERAL BUREAU OF INVESTIGATION**
**through Director Christopher Wray in his Official Capacity**           **DEFENDANT**

## ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 36) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The Magistrate Judge recommends that the case be dismissed as moot. Plaintiff filed Objections to the R&R (Doc. 37) on January 23, 2025, which prompted the Court to review the entire case file *de novo*.

Plaintiff contends that he was erroneously found guilty of felony failure to appear in state court. Many years later, a state court judge dismissed and sealed the conviction. Then, in 2021, Plaintiff attempted to buy a firearm and was denied because a criminal background check flagged the dismissed felony conviction. He filed the instant lawsuit seeking a legal declaration that he is entitled to purchase a firearm and an order enjoining the FBI from denying him the right to purchase a firearm in the future.

Once the lawsuit was filed, the FBI investigated Plaintiff's claims and corrected his record in the National Instant Criminal Background Check System (NICS). After that, the FBI issued him a Unique Personal Identification Number (UPIN) that Plaintiff admits "will authorize" him to purchase a firearm "when given to an FFL [Federal Firearm Licensee]." (Doc. 33, p. 1). Though Plaintiff admits that he has not attempted to purchase a firearm

1

since being given a UPIN, he seems to be worried—without citing any reasons why—that the UPIN may not be effective. Further, he contends—again, without cause—that the FBI may be setting a "honey trap" to bait him into buying a firearm and "prosecute [him] for the purchase." *Id.* at p. 2. He also seeks leave to add a claim against the United States under 42 U.S.C. § 1983 for the violation of his constitutional right to bear arms under the Second Amendment.

The Court agrees with the Magistrate Judge that the providing Plaintiff with a UPIN moots his case or controversy. No further relief is available under 18 U.S.C. § 925A. As the Court lacks jurisdiction over a moot claim, the case is subject to dismissal on that basis. As to Plaintiff's separate request to add a § 1983 claim, this issue was already addressed in an Order (Doc. 35) issued on January 8, 2025. The Court agrees with the Magistrate Judge's reasoning in that Order; allowing Plaintiff to add a §1983 claim would be futile.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection is **OVERRULED** and the R&R (Doc. 36) is **ADOPTED IN ITS ENTIRETY**. The case is **DISMISSED** as moot. Further, there is no legal basis for the Court to award attorney's fees and costs to Plaintiff. The Clerk is **DIRECTED** to terminate all pending motions and **CLOSE THE CASE**.

**IT IS SO ORDERED** on this 24th day of January, 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE